1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation II* | CASE No.  8:18-cv-02223-JLS-JDE |
| | **STIPULATED PROTECTIVE ORDER** |
| | [Note Changes by the Court] |

Based on the parties' Stipulation (Dkt. 73) and for good cause shown, the Court finds and orders as follows.

A.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Specifically, the Parties anticipate producing such documents for the purposes of confirmatory discovery in this action.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, or items that are entitled to confidential treatment under the applicable legal principles.

1   The Parties further acknowledge that this Stipulated Protective Order does not entitle
2   them to file confidential information under seal; the Court's Standing Order (Dkt. 11)
3   sets forth the Court's expectations regarding the filing of material under seal, and
4   Civil Local Rule 79-5 sets forth the procedures that must be followed and the
5   standards that will be applied when a party seeks permission from the Court to file
6   material under seal.  This agreement is effective as of the date of the filing of this
7   action.

8           B.    <u>GOOD CAUSE STATEMENT</u>

9           Good cause exists for entry of this Stipulated Protective Order because this
10  action is likely to involve private or proprietary information such as Defendants'
11  confidential policies and procedures, competitively-sensitive business information,
12  customer records, and financial information, for which special protection from
13  public disclosure and from use for any purpose other than prosecution of this action
14  is warranted.

15          Based on information requested and the nature of the case, the Parties
16  anticipate that they will disclose, produce, or exchange information, documents, and
17  tangible things that reflect sensitive personal, financial, and/or proprietary
18  information, such as trade secrets (including design, assembly, testing service,
19  repair, and monitoring information of class vehicles, financial records, business
20  strategy, customer information, and/or personally identifiable information).  Private
21  information of third parties may also be disclosed.   It is important that this
22  information remain protected and not be readily available due to the dangers of
23  identity theft, the constitutional privacy rights of third parties, and protection of
24  business competition interests.  The unrestricted or unprotected disclosure of such
25  private, financial and/or business information would result in prejudice or harm to
26  the producing party and third parties by revealing their information which could
27  result in identity theft, loss of business and/or violation of federal and state privacy
28  laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.   It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *In re: Hyundai and Kia Engine Litigation II*, Case No. 8:18-cv-02223-JLS-JDE.

2.2   <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Material</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>:   a Party or Non-Party that designates as "CONFIDENTIAL" information or items that it produces in disclosures     or     in responses to discovery.

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are exchanged, produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>In-House Counsel</u>:   attorneys who are employees of a party to this Action and their support staff.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and supporting attorneys and staff).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing deposition transcripts, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" as defined in 2.3.

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days of final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that

(1) identifies (by category or bates number, where appropriate) all the Protected Material that was returned or destroyed and  (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

5.    DESIGNATING PROTECTED MATERIAL

        5.1    Exercise of Restraint and Care in Designating Material for Protection.

        Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Where reasonably practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to clearly have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

/ / /

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced, as follows:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party will affix at a minimum, the word "CONFIDENTIAL", to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, to the extent reasonably practicable, the Producing Party will identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For original documents that are made available for inspection, the Discovery Material need not be designated for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the word "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, to the extent reasonably practicable, the Producing Party will identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(c)    Deposition testimony may be designated as "CONFIDENTIAL," in whole or in part, either on the record during the deposition or by identifying the page and line(s) of testimony for which it seeks protection within thirty (30) days after receipt of the written transcript by the Designating Party. Until that time, and

unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit counsel for the Party deposed an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. In the event that a Party needs to file a deposition transcript with the Court prior to the expiration of the 30-day period set forth above, that entire transcript shall be treated as if it had been designated as Protected Material.  The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information.  If a Party or Non-Party desires to protect or use confidential information at trial, the issue should be addressed during the pre-trial conference.

(d)  For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the word "CONFIDENTIAL." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" in the file name. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.* by serving a written letter giving notice to the Designating Party of each designation being challenged, including the bates numbers where the challenged designations appear, and describing the basis for each challenge.   The written notice must indicate that the challenge to confidentiality is being made pursuant to this Protective Order and must otherwise comply with Local Rule 37-1.

      6.3   <u>Joint Stipulation</u>.  If the parties are unable to reach a resolution after meeting and conferring, any submission made to the court for relief shall be in accordance with Local Rule 37-2.

      6.4   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

/ / /

/ / /

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 4

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

/ / /

(g) Professional Vendors, provided that counsel retaining them instructs them not to disclose any confidential material to third parties and to immediately return or destroy all originals and copies of any confidential material as appropriate.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that witness has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   <u>Own Documents</u>. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

7.4.   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Before a Party files Protected Material or makes a filing that discusses or references the content, subject matter, or nature of Protected Material designated as such by the other Party, the filing party shall confer with the Designating Party in accordance with Civil Local Rule 79-5.2.2(b).

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR INVESTIGATIONS

If a Party is served with a document request, subpoena, or a court order issued in other litigation or investigation by any federal, state, or local government agency, department, or other entity that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be

-10-                                    Case No. 8:18-cv-02223-JLS-JDE
                                        STIPULATED PROTECTIVE ORDER

construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   UNINTENTIONAL OR INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain unintentionally or inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to, the attorney-client privilege and work-product doctrine), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Fed. R. Evid. 502(d), the production of a privileged, work-product-protected, or otherwise work protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  If possible, the producing party must substitute the inadvertently produced document with one that redacts the information subject to the claimed protections. The parties must confer in a good faith attempt to resolve any disputes subject to this section before seeking court intervention.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

/ / /

/ / /

13.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: September 14, 2022

_____
JOHN D. EARLY
United States Magistrate Judge

EXHIBIT A
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on in the case of *In re: Hyundai and Kia Engine Litigation II*,

Case No. 8:18-cv-02223-JLS-JDE (C.D. Cal.). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____