# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# NOTICE OF PROPOSED CLASS SETTLEMENT

## If you bought or leased one of these vehicles equipped with the specified corresponding engine below, you might benefit from a class action settlement:

| Model Year | Model | Engine |
|---|---|---|
| 2011–2015 | Sonata Hybrid (HEV) | Theta II 2.4-liter MPI Hybrid |
| 2016–2019 | Sonata Hybrid/Plug-In Hybrid (HEV/PHEV) | Nu 2.0-liter GDI Hybrid |
| 2010–2012 | Santa Fe | Theta II 2.4-liter MPI |
| 2010–2013 | Tucson | Theta II 2.4-liter MPI |
| 2014–2021 | Tucson | Nu 2.0-liter GDI |
| 2014 | Elantra Coupe | Nu 2.0-liter GDI |
| 2014–2016 | Elantra | Nu 2.0-liter GDI |
| 2014–2020 | Elantra GT | Nu 2.0-liter GDI |
| 2012–2017 | Veloster | Gamma 1.6-liter GDI |

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*Your rights are affected whether you act or do not act. Read this notice carefully.*

The purpose of this Notice is to inform you of a proposed Settlement of a class action lawsuit in California federal court called *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.). You are receiving this Notice because Hyundai Motor Company ("HMC") and Hyundai Motor America, Inc.'s ("HMA") (collectively "Hyundai") records indicate that you might be entitled to claim certain financial benefits offered by this Settlement.

The lawsuit alleges that certain Hyundai vehicles (called the "Class Vehicles" and listed below) have a defect that can cause engine seizure, stalling, engine failure, and possibly engine fire, and that some owners and lessees have been improperly denied repairs under the vehicle's warranty. Hyundai has not been found liable for any claims alleged in the lawsuit. The parties have instead reached a voluntary settlement in order to avoid lengthy litigation and thereby provide relief to Class Members. People who owned or leased Class Vehicles, referred to as "Class Members," might be entitled to compensation if they submit valid and timely claims.

Under the proposed Settlement, and subject to proof, Hyundai will provide financial and other benefits for certain engine-related repairs and/or engine failures or engine fires.

To qualify for benefits under the Settlement you must have bought or leased a Class Vehicle, which are certain vehicle models originally equipped with or replaced with the respective corresponding genuine multi-port fuel

injection ("MPI") or gasoline direct injection ("GDI") engine within Original Equipment Manufacturer ("OEM") specifications listed below:

- 2011–2015 model year Hyundai Sonata Hybrid (HEV) vehicles with a Theta II 2.4-liter MPI Hybrid engine;
- 2016–2019 model year Hyundai Sonata Hybrid/Plug-In Hybrid (HEV/PHEV) vehicles with a Nu 2.0-liter GDI Hybrid engine;
- 2010–2012 model year Hyundai Santa Fe vehicles with a Theta II 2.4-liter MPI engine;
- 2010–2013 model year Hyundai Tucson vehicles with a Theta II 2.4-liter MPI engine;
- 2014–2021 model year Hyundai Tucson vehicles with a Nu 2.0-liter GDI engine;
- 2014 model year Hyundai Elantra Coupe vehicles with a Nu 2.0-liter GDI engine;
- 2014–2016 model year Hyundai Elantra vehicles with a Nu 2.0-liter GDI engine;
- 2014–2020 model year Hyundai Elantra GT vehicles with a Nu 2.0-liter GDI engine; or
- 2012–2017 model year Hyundai Veloster vehicles with a Gamma 1.6-liter GDI engine.

To check whether your vehicle might be a Class Vehicle, you can visit the Settlement website at [LINK] or call [PHONE] and ask whether your vehicle is included in the Settlement. Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready.

The benefits under the Settlement are:

- The Settlement extends the Powertrain Limited Warranty to 15 years or 150,000 odometer miles from the date of the vehicle's original retail delivery, whichever comes first, to both original and subsequent owners for damage to the engine short block and long block assembly caused by connecting rod bearing failure (the "Extended Warranty"). **To obtain Extended Warranty benefits, you may need to first complete the Knock Sensor Detection System ("KSDS") update at a Hyundai dealership (explained further below).** For the 90-day period following final approval of the Settlement, the Extended Warranty also provides a free campaign or recall inspection for any Class Vehicles not yet inspected and within the 15-year or 150,000-odometer-mile period from the date of the vehicle's original retail delivery (whichever comes first), regardless of prior repairs. Service campaigns and recalls are provided free of charge to customers of eligible vehicles. The Settlement also provides loaner vehicles in some instances, subject to dealer availability, or reimbursement or compensation of certain expenses for rental car, ride-sharing, or other transportation expenses for any vehicles that undergo qualifying engine replacement or repair.

- The Settlement provides certain cash reimbursements for qualifying past out-of-pocket repairs and compensation for past and current out-of-pocket repair-related transportation (*e.g.*, rental, ride-share) and towing expenses, as well as for inconvenience due to qualifying engine repair delays while the vehicle was serviced by Hyundai dealers.

- The Settlement provides certain cash compensation for out-of-pocket transportation (*e.g.*, rental, ride-share) and towing expenses, and for lodging and meal expenses in certain circumstances, if you experienced a qualifying engine failure or engine fire (regardless of whether you obtained a repair afterwards).

- The Settlement provides cash compensation for certain trade-ins and sales of unrepaired vehicles that experienced a qualifying engine failure or fire.

2

- The Settlement provides compensation for vehicles lost due to qualifying engine fires. In some instances, the Settlement also provides a cash rebate if you lost faith in the vehicle after experiencing engine troubles related to the alleged defect and you purchased another Hyundai vehicle within a specified timeframe.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a reimbursement or compensation. However, it is not necessary to submit a claim form to benefit from the 15-Year/150,000-Mile Extended Warranty, subject to first installing the KSDS update, if applicable. The deadline to submit a claim for most benefits is [DATE]. Any extension of this date will be posted on the Settlement website. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever file or be part of any pending or future lawsuit against Hyundai about the legal claims in this case. The deadline to submit a request for exclusion is [DATE]. |
| **OBJECT** | In order to object to the Settlement, you must remain a member of the lawsuit—you cannot ask to be excluded. You may object to the Settlement by writing to Class Counsel (identified on page [PAGE]) and indicating why you do not like the Settlement. The deadline to object is [DATE]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. The deadline to challenge the fairness of the Settlement is [DATE]. |
| **DO NOTHING** | Get no reimbursement or compensation. However, you will receive the 15-Year/150,000-Mile Extended Warranty, subject to first installing the KSDS update, if applicable. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court overseeing this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. The Court approval process may take some time, so please be patient.

- Please visit [LINK] for a copy of this notice in Spanish. Visite [LINK] para obtener una copia de este aviso en español.

**BASIC INFORMATION** ............................................................................................................. 1
1. Why did I get this notice package? ..................................................................................... 1
2. What are these lawsuits about? ............................................................................................ 1
3. Why is this a class action? .................................................................................................... 1
4. Why is there a settlement? .................................................................................................... 1

**WHO IS IN THE SETTLEMENT?** ............................................................................................ 2
5. How do I know if I am part of the Settlement? .................................................................. 2
6. Which vehicles are included? ............................................................................................... 2
7. If I bought or leased a Class Vehicle that has not had problems, am I included? ............ 2
8. I am still not sure if I am included. ...................................................................................... 3

**SETTLEMENT BENEFITS – WHAT YOU GET** ..................................................................... 3
9. What does the Settlement provide? ..................................................................................... 3

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM** ............................. 8
10. How do I make a claim? ....................................................................................................... 8
11. What kind of documentation do I need to include when submitting my Claim Form? .... 8
12. When would I get my reimbursement? ............................................................................... 9
13. What if my claim is found to be deficient? ......................................................................... 9
14. What am I giving up to stay in the Settlement Class? ........................................................ 9

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..................................................... 10
15. How do I get out of the Settlement? .................................................................................. 10
16. If I do not exclude myself, can I sue for the same thing later? ........................................ 11
17. If I exclude myself, can I get the benefits of this Settlement? ......................................... 11

**THE LAWYERS REPRESENTING YOU** ............................................................................. 11
18. Do I have a lawyer in this case? ......................................................................................... 11
19. How will the lawyers be paid and will the Class representatives receive service payments? ............................................................................................................................. 11

**OBJECTING TO THE SETTLEMENT** ................................................................................. 12
20. How do I tell the Court if I do not like the Settlement? ................................................... 12
21. What is the difference between objecting and excluding? .............................................. 13

**THE COURT'S FAIRNESS HEARING** ................................................................................. 13
22. When and where will the Court decide whether to approve the Settlement? ................ 13
23. Do I have to come to the Fairness Hearing? ..................................................................... 13
24. May I speak at the Fairness Hearing? ................................................................................ 13

**IF YOU DO NOTHING** .............................................................................................................. 14
25. What happens if I do nothing at all? .................................................................................. 14

**GETTING MORE INFORMATION** ........................................................................................ 14
26. Are there more details about the Settlement? ................................................................... 14
27. How do I get more information? ........................................................................................ 14

| **BASIC INFORMATION** |
|---|

### 1. Why did I get this notice package?

According to Hyundai's records, you bought or leased a Class Vehicle in the United States (or while abroad on active U.S. military duty).

The Court has ordered this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options in that lawsuit before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, Hyundai will provide payments and other benefits agreed to in the Settlement to the Class Members. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**You should read this entire notice.**

### 2. What are these lawsuits about?

The people who filed these lawsuits are called Plaintiffs, and the companies they sued, including Hyundai, are called Defendants. The Plaintiffs allege that the Class Vehicles suffer from a defect, related to connecting rod bearing failure, that can cause engine seizure, stalling, engine failure, and engine fire. The Plaintiffs also allege that engine seizure or stalling can be dangerous if experienced. The Plaintiffs also allege that some owners and lessees have been improperly denied repairs under the vehicle's warranty. Hyundai denies Plaintiffs' allegations.

### 3. Why is this a class action?

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Leslie Flaherty, Joanna Caballero, James Carpenter, Sharon Moon, Stanton Vignes, Kesha Franklin Marbury, Christina Roos, James J. Martino, James H. Palmer, John H. Caro, Ashley Gagas, Nicole Thornhill, Janet O'Brien, Robert Buettner, Linda Short, James Twigger, Jennifer and Anthony DiPardo, Seane Ronfeldt, Gabrielle Alexander, Tavish Carduff, Brian Frazier, Chad Perry, William Pressley, and Jeannett Smith), sue on behalf of people who have similar claims. All of these people and those similarly situated are a "Settlement Class" or "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the Settlement Class. The court in charge of the case is the United States District Court for the Central District of California, and the case is known as *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.). United States District Judge Josephine Staton is presiding over this class action.

### 4. Why is there a settlement?

The Class Representatives and Defendants agreed to a settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Class Members can get payments and other benefits in exchange for releasing Defendants from liability. The Settlement does not mean Defendants broke any laws and/or did anything wrong, and the Court did not decide which side was right.

The Class Representatives and Defendants entered into a Settlement Agreement that was preliminarily approved by the Court, which authorized the issuance of this notice. The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of the Class Members.

1

This notice summarizes the essential terms of the Settlement. The Settlement Agreement, along with all exhibits and addenda, sets forth in greater detail the rights and obligations of all the parties and is available at [LINK]. If there is any conflict between this notice or the claim form and the Settlement Agreement, the Settlement Agreement governs.

## WHO IS IN THE SETTLEMENT?

**5.     How do I know if I am part of the Settlement?**

Judge Staton decided that, for the purposes of this proposed Settlement, everyone who fits this description is covered by the Settlement: <u>All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, including those that were purchased while the owner was abroad on active U.S. military duty, but excluding those purchased in the U.S. territories and/or abroad.</u>

However, the Class excludes all claims for death, personal injury, property damage, and subrogation.

The Class also excludes Hyundai; Kia Corporation and Kia America, Inc. (together, "Kia"); any affiliate, parent, or subsidiary of Hyundai or Kia; any entity in which Hyundai or Kia has a controlling interest; any officer, director, or employee of Hyundai or Kia; any successor or assign of Hyundai or Kia; any judge to whom this Action is assigned, their spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; individuals and/or entities who validly and timely opt-out of the Settlement; consumers or businesses that have purchased Class Vehicles previously deemed a total loss (*e.g.*, salvage) (subject to verification through Carfax or other means); owners or lessees who rent or previously rented the Class Vehicle for use by third-party drivers; individuals and commercial entities engaged in the business of buying, selling, or dealing in motor vehicles (*e.g.*, new and used motor vehicle dealerships); banks, credit unions, or other lienholders; and current or former owners of a Class Vehicle who previously released their claims against Hyundai or Kia with respect to the same issues raised in this class action.

**6.     Which vehicles are included?**

The "Class Vehicles," for the purposes of the description in the response to Question 5 above, are the following certain vehicle models originally equipped with or replaced with the respective corresponding genuine MPI or GDI engine within OEM specifications: 2011–2015 model year Hyundai Sonata Hybrid (HEV) vehicles with a Theta II 2.4-liter MPI Hybrid engine; 2016–2019 model year Hyundai Sonata Hybrid/Plug-In Hybrid (HEV/PHEV) vehicles with a Nu 2.0-liter GDI Hybrid engine; 2010–2012 model year Hyundai Santa Fe vehicles with a Theta II 2.4-liter MPI engine; 2010–2013 model year Hyundai Tucson vehicles with a Theta II 2.4-liter MPI engine; 2014–2021 model year Hyundai Tucson vehicles with a Nu 2.0-liter GDI engine; 2014 model year Hyundai Elantra Coupe vehicles with a Nu 2.0-liter GDI engine; 2014–2016 model year Hyundai Elantra vehicles with a Nu 2.0-liter GDI engine; 2014–2020 model year Hyundai Elantra GT vehicles with a Nu 2.0-liter GDI engine; and 2012–2017 model year Hyundai Veloster vehicles with a Gamma 1.6-liter GDI engine.

**7.     If I bought or leased a Class Vehicle that has not had problems, am I included?**

Yes. You did NOT have to experience stalling, engine seizure, engine failure, or a vehicle fire to be included in this Settlement. If you still own or lease a Class Vehicle, you are eligible to take advantage of the Settlement's extension of the Powertrain Limited Warranty to 15 years or 150,000 odometer miles from the date of the vehicle's original retail delivery, whichever comes first, for certain types of engine repairs, as well as certain other benefits of the Settlement. **To obtain Extended Warranty benefits, you may need to first complete the KSDS update at a Hyundai dealership (explained further below).**

**8.     I am still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can visit [LINK] or call [PHONE] and ask whether your vehicle is included in the Settlement. Whether you visit the website or call the toll-free number, you will need to have your VIN ready. The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield. It also appears on your vehicle registration card and probably appears on your vehicle insurance card. Your VIN should have 17 characters, a combination of both letters and numbers.

## SETTLEMENT BENEFITS – WHAT YOU GET

**9.     What does the Settlement provide?**

The Settlement provides the following benefits for which you can submit a claim (see the response to Question 10 for how to make a timely claim using the Claim Form):

   1.     <u>Warranty Extension</u>

As part of the Settlement, Hyundai is extending the Powertrain Limited Warranty to a 15-Year/150,000-Mile Limited Warranty from the date of the vehicle's original retail delivery for current and subsequent owners of Hyundai Class Vehicles. The Extended Warranty will cover damage to the short block assembly, consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons, and the long-block assembly, **that is the causal result of connecting rod bearing failure** in those Class Vehicles owned or leased by individual consumers that occurs within 15 years from the date of the vehicle's original retail delivery or 150,000 odometer miles, whichever comes first.

**To obtain Extended Warranty benefits , you will need to have the free KSDS update installed in your vehicle by a Hyundai dealership BEFORE experiencing an otherwise Qualifying Failure or Qualifying Fire (see below).** You are not required to complete the KSDS update to obtain Extended Warranty if your vehicle was previously recalled under NHTSA Recall Numbers 20V746 or 21V727 (which affected 2011–2013 model year Hyundai Sonata Hybrid (HEV) vehicles with a Theta II 2.4-liter MPI Hybrid engine; 2016–2017 model year Hyundai Sonata Hybrid (HEV) vehicles with a Nu 2.0-liter GDI Hybrid engine; 2012 model year Hyundai Santa Fe vehicles with a Theta II 2.4-liter MPI engine; 2017 model year Hyundai Tucson vehicles with a Nu 2.0-liter GDI engine; and 2015–2016 model year Hyundai Veloster vehicles with a Gamma 1.6-liter GDI engine). However, if you have not done so already, Hyundai strongly encourages you to have your local Hyundai dealership install the KSDS update by [NOTICE DATE + 150], so that you may be eligible for other compensation offered under the Settlement, *e.g.*, rental car, towing, ride-sharing, or other transportation expenses and incidental expenses, where the underlying repair itself is covered under the Extended Warranty. To confirm whether your vehicle has received the KSDS update or for assistance scheduling an appointment, please contact your nearest Hyundai dealer or Hyundai's Consumer Assistance Center at (800) 633-5151 or visit https://owners.hyundaiusa.com/us/en/contact-us.html.

With the exception of cases of where Class Members did not timely obtain the KSDS update, if applicable, or cases of "Exceptional Neglect" (defined below), and subject to the existing terms, limitations, and condition of the Class Vehicles' original Powertrain Limited Warranty, the 15-Year/150,000-Mile Limited Warranty from the date of the vehicle's original retail delivery shall persist in its full duration once obtained regardless of any subsequent transfer in ownership or lease of the vehicle. The Extended Warranty is not available to commercial entities such as used car dealers, franchisees, or automobile auction houses, but will still be transferable to subsequent owners.

The Extended Warranty covers all costs of inspections and repairs including, parts, labor, and diagnosis, for the engine short block assembly and long block assembly <u>caused by connecting rod bearing failure</u>. Class Members are suggested to retain all vehicle maintenance records, and, if Hyundai believes there may be Exceptional Neglect, you may be required to provide records for vehicle maintenance performed to receive Extended Warranty repairs.

Coverage under the Extended Warranty may be denied for Exceptional Neglect. Exceptional Neglect means when (i) Defendants or their dealers suspect the engine evidences a lack of maintenance or care (*i.e.*, outside of factory maintenance and care specifications) based on an inspection of the physical condition of the engine that shows unacceptable lacquering, varnish, or sludge and (ii) service records demonstrate unacceptable gaps in regular oil changes.

You will have the opportunity to provide service records to Hyundai if Exceptional Neglect is suspected. Based on the records that you submit, records from dealers, and records from Carfax (or similar reputable third parties), there are unacceptable gaps in regular oil changes if, since original delivery, the Class Vehicle has one oil change gap of greater than 10,500 miles or 14 months, or was previously diagnosed with excessive oil consumption issues **AND** the Class Vehicle was not repaired to address such issues within 30 days or 1,000 miles, whichever comes first, subsequent to any completed oil consumption testing and confirmed diagnosis. If you experienced a Qualifying Failure or Qualifying Fire within your vehicle's first 15,000 miles, however, you will not be barred from receiving Extended Warranty coverage regardless of any oil change gaps.

As part of the Settlement, Hyundai will provide a free inspection for up to 90 days after the Notice Date for any vehicle that did not receive an inspection under at least one of the KSDS update campaigns or recalls if it is still within the 15-year or 150,000-mile period from the date of the vehicle's original retail delivery, whichever comes first.

Depending on loaner availability, Hyundai dealerships will also provide a free loaner vehicle of comparable value **if requested** and until repairs are completed. If no loaner vehicle is available, Hyundai will provide compensation of reasonable rental car, ride-share, or transportation expenses up to a maximum of $80 per day. (See below for how to make a claim for transportation reimbursements.)

You do **NOT** need to submit a Claim Form to receive this extension of the Powertrain Limited Warranty for the engine short block assembly or long block assembly under this Settlement.

2.   <u>Reimbursement for Past Repairs</u>

Under the Settlement, Hyundai will reimburse you in full for money you spent on Qualifying Repairs that occurred before [NOTICE DATE] if the vehicle was within 15 years from the date of original retail delivery or 150,000 odometer miles, whichever came first. In certain instances, you may receive an additional $150 goodwill payment and/or inconvenience payment based on the following requirements:

**(a) TYPES OF "QUALIFYING REPAIRS"**

- "Qualifying Repairs" refers to any repairs performed to address hole-in-block symptoms (*i.e.*, the connecting rod punctures a hole in the engine block), engine seizure (unrelated to pre-existing oil consumption issues), or engine fire (see "Qualifying Fire").

- If the repair was completed at an authorized Hyundai dealership, "Qualifying Repairs" also include any repairs to address symptoms associated with connecting rod bearing failure where the vehicles

4

received a diagnosis of (1) abnormal bearing noise, (2) stall caused by seizure with a failed bearing clearance test, or (3) P1326 warning light.

- "Qualifying Repairs" does not include repairs caused by a collision involving a Class Vehicle, unless the collision was directly caused by a Qualifying Failure or Qualifying Fire. "Qualifying Repairs" also does not include any repairs that were plainly unrelated to engine short block manufacturing issues (for example, a stall caused directly by a timing chain, fuel pump, oxygen sensor, turbocharger, or the electrical system) or where an investigation or inspection revealed an unrelated cause (for example, oil consumption issues that are not the causal result of connecting rod bearing failure).

- "Exceptional Neglect" may also exclude an otherwise Qualifying Repair if (i) an evaluation of available service records and/or submitted documentation suggests a lack of maintenance or care (*i.e.*, outside of factory maintenance and care specifications), *e.g.*, a repair order or service records noting engine oil sludge, engine coolant in oil, oil that smells burnt, an old oil filter (noted to be on the engine for greater than 20,000 miles), very low levels of drained oil, or other similar indicia of neglect, and (ii) service records demonstrate unacceptable gaps in regular oil changes.

- You will have the opportunity to provide service records to Hyundai if Exceptional Neglect is suspected. Based on the records that you submit, records from dealers, and records from Carfax (or similar reputable third parties), there are unacceptable gaps in regular oil changes if, since original delivery, the Class Vehicle has one oil change gap of greater than 10,500 miles or greater than 14 months, or was previously diagnosed with excessive oil consumption issues but the Class Vehicle was not repaired to address such issues within 30 days or 1,000 miles, whichever comes first, subsequent to any completed oil consumption testing and confirmed diagnosis. If the Qualifying Repair occurred within your vehicle's first 15,000 miles, however, Exceptional Neglect will not bar you from obtaining reimbursement for the past repair of the Qualifying Repair.

**(b) GOODWILL PAYMENT FOR PREVIOUSLY DENIED WARRANTY REPAIRS**

- If before [NOTICE DATE], you presented a Qualifying Repair to a Hyundai dealership and were denied an in-warranty repair and subsequently obtained the Qualifying Repair elsewhere, you are eligible to receive an additional $150 goodwill payment. The denial of warranty repair must be documented contemporaneously in repair orders or communications to Hyundai or its representatives.

* * *

Class Members are eligible for a reimbursement even if warranty coverage was denied on grounds of improper service or maintenance (excepting limited Exceptional Neglect circumstances), and even if the repairs were performed at an independent mechanic shop as long as it is a business entity with a business address, a working phone number, and online reviews (all subject to verification).

3. Compensation for Repair-Related Transportation and Towing Expenses

Money you spent on rental cars, ride-shares, or similar transportation services will be reimbursed for up to a maximum of $80 per day, and towing services will be reimbursed in full as long as these expenses are reasonably related to obtaining a Qualifying Repair (see above) performed on a Class Vehicle within 15 years from the date of original retail delivery or 150,000 odometer miles, whichever comes first. A Qualifying Repair that begins after [NOTICE DATE] must be from a Hyundai dealership. You must have completed the KSDS update on your Class Vehicle if the Qualifying Repair begins after [NOTICE DATE + 150] to be eligible for this reimbursement.

5

Reimbursement for these expenses is limited to no more than fifteen (15) business days before delivery of the vehicle to the dealership or third-party repair facility for the Qualifying Repair and up to three (3) business days after Class Member was notified that their vehicle was ready to be picked up.

4. <u>Inconvenience Due to Repair Delays</u>

You may be entitled to compensation based on the length of the delay if you experienced prolonged delays (exceeding 60 days) obtaining a Qualifying Repair performed by an authorized Hyundai dealer on a Class Vehicle within 15 years from the date of original retail delivery or 150,000 miles, whichever comes first. You must have completed the KSDS update on your Class Vehicle if the Qualifying Repair begins after [NOTICE DATE + 150] to be eligible for this compensation.

If you had delays between 61 and 180 days, you will be entitled to $75. For delays of 181 days or more, you are entitled to $100, plus $100 for each additional 30-day period of delay (*i.e.*, $100 total for delays of 181–210 days, $200 total for delays of 211–240 days, $300 total for delays of 241–270 days, and so forth).

A class member may elect to receive this compensation in the form of a dealer service card valued at 150% of the amount that would otherwise be paid. The dealer service card may only be used at an authorized Hyundai dealer in payment towards any merchandise, parts, or service.

5. <u>Incidentals for Qualifying Failure or Qualifying Fire</u>

Money you spent on reasonable towing services will be reimbursed in full if you experience a Qualifying Failure or Qualifying Fire **within 150 miles of your home**, within 15 years from the date of the vehicle's original retail delivery or 150,000 miles, whichever comes first. If the Qualifying Failure or Qualifying Fire occurred within 150 miles of your home, you can get reimbursed for up to $125 for actual transportation expenses incurred on the day of Qualifying Failure or Qualifying Fire. If the Qualifying Failure or Qualifying Fire occurred **more than 150 miles away from your home**, you can get reimbursed for a maximum of three (3) days of up to $300 for the first day, up to $200 for the second day, and up to $100 for the third day for transportation, lodging, and reasonable meal expenses.

**"QUALIFYING FAILURES" AND "QUALIFYING FIRES"**

For future Qualifying Failures and Qualifying Fires occurring after [NOTICE DATE + 150], you must have completed the KSDS update on your Class Vehicle by [NOTICE DATE + 150] to be eligible for this compensation.

"Qualifying Failure" refers to an engine seizure, engine stall, or other vehicle incident short of an engine compartment fire that would otherwise be addressed by a Qualifying Repair (see above). "Qualifying Fire" refers to an engine compartment fire that would otherwise be addressed by a Qualifying Repair (see above).

An engine failure is not a Qualifying Failure and an engine fire is not a Qualifying Fire if unrelated to the engine short block manufacturing issues as it relates to connecting rod bearing failure or if an investigation or inspection revealed an unrelated cause. An engine failure or engine fire does not qualify where documentation shows the Class Vehicle was previously involved in a moderate to severe front-end collision (see the Settlement Agreement for further details) prior to the otherwise Qualifying Failure or Qualifying Fire.

"Exceptional Neglect" may also exclude an otherwise Qualifying Repair or Qualifying Fire if (i) an evaluation of available service records and/or submitted documentation suggests a lack of maintenance or care (*i.e.*, outside of factory maintenance and care specifications), *e.g.*, a repair order or service records noting engine oil sludge,

6

engine coolant in oil, oil that smells burnt, an old oil filter (noted to be on the engine for greater than 20,000 miles), very low levels of drained oil, or other similar indicia of neglect, and (ii) service records demonstrate unacceptable gaps in regular oil changes.

You will have the opportunity to provide service records to Hyundai if Exceptional Neglect is suspected. Based on the records that you submit, records from dealers, and Carfax (or similar reputable third parties), there are unacceptable gaps in regular oil changes if, since original delivery, the Class Vehicle has one oil change gap of greater than 10,500 miles or greater than 14 months, or was previously diagnosed with excessive oil consumption issues but the Class Vehicle was not repaired to address such issues within 30 days or 1,000 miles, whichever comes first, subsequent to any completed oil consumption testing and confirmed diagnosis. If the Qualifying Repair occurred within your vehicle's first 15,000 miles, however, Exceptional Neglect will not bar you from obtaining reimbursement for the past repair of the Qualifying Repair.

6. <u>Compensation If You Sold or Traded In a Class Vehicle in Certain Circumstances</u>

If your Class Vehicle (i) experienced a Qualifying Failure or Qualifying Fire (see above) within 15 years from the date of original retail delivery or 150,000 odometer miles, whichever came first, and before [NOTICE DATE], *and* (ii) you sold or traded in the Class Vehicle without first getting it repaired, you may receive compensation for any resulting effect on fair market value of the Class Vehicle received in the sale or trade. You may also receive an additional goodwill payment of $150.00. The amount of compensation will be based on the baseline Black Book value of the vehicle minus the actual amount received from the sale or trade-in transaction as a whole (among other considerations).

7. <u>Compensation for Vehicle Involved in a Qualifying Fire</u>

If your Class Vehicle suffered or suffers a Qualifying Fire (see above) within 15 years from the date of original retail delivery or 150,000 odometer miles, whichever comes first, you may receive compensation for the value of the vehicle, and an additional $150 goodwill payment. If the Qualifying Fire occurs after [NOTICE DATE + 150], you must have completed the KSDS update on your Class Vehicle by [NOTICE DATE + 150] to be eligible for this compensation. The amount of compensation will be based on the maximum Black Book value of the vehicle minus any value received for the vehicle (*e.g.*, through insurance).

8. <u>Qualifying Failure or Qualifying Fire Rebate Program</u>

You may be entitled to a rebate payment if after [NOTICE DATE] (i) you lost faith in your Class Vehicle as a result of a Qualifying Failure or Qualifying Fire (see above) occurring within 15 years from the date of the vehicle's original retail delivery or 150,000 odometer miles, whichever came first, (ii) you sold your vehicle as result, and (iii) you purchase a replacement Hyundai vehicle from an authorized Hyundai dealership. If the Qualifying Failure or Qualifying Fire occurs after [NOTICE DATE + 150], you must have completed the KSDS update on your Class Vehicle by [NOTICE DATE + 150] to be eligible for this rebate payment.

The rebate is based on the difference between the value you received at trade-in or sale and the maximum Black Book value (*i.e.*, private party/very good) of the Class Vehicle at the time of the relevant KSDS update campaign launch for the Class Vehicle, irrespective of any underlying vehicle loans, up to the following amounts: for model year 2010, 2011, and 2012 Class Vehicles $2,500; for model year 2013 and 2014 Class Vehicles $2,000; for model year 2015 and 2016 Class Vehicles $1,500, and for model year 2017, 2018, 2019, 2020, and 2021 model year Class Vehicles $1,000.

9. Informational Pamphlet

The Settlement provides that Hyundai will distribute an informational pamphlet to Class Members that provides further recommended guidance on the maintenance of the engines in the Class Vehicles and that reminds Class Members of the available inspections and repairs. We suggest you keep the pamphlet in the vehicle at all times.

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM**

10. **How do I make a claim?**

- Fill out the Claim Form (paper or online), and

- Include the documentation specified on the Claim Form, and

- Submit online, by mail, or email the Claim Form to the address listed on the Claim Form, and

- Do so by [DATE] (any extension of that date will be posted on the Settlement website), unless your claim relates to a Qualifying Repair, Qualifying Failure, or Qualifying Fire that occurs after [NOTICE DATE], in which case you have 90 days from the date those costs were incurred or from the date you experienced the Qualifying Failure or Qualifying Fire.

Hyundai encourages you to submit your Claim Form online, but you may download and then print a Claim Form by visiting [LINK] or you may request a Claim Form be mailed to you through [LINK] or by calling [PHONE]. Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not get paid. Sending in a Claim Form late will be the same as doing nothing. Please **DO NOT** send Claim Forms to Class Counsel or the Court.

11. **What kind of documentation do I need to include when submitting my Claim Form?**

In addition to a completed Claim Form, you will need to submit supporting documentation. For benefits relating to a Qualifying Repair, this generally includes at least (i) proof that you owned or leased your Class Vehicle; (ii) proof that the Qualifying Repair actually occurred, like a repair order; (iii) proof you paid for the Qualifying Repair and any other repair-related expenses; and (iv) related insurance paperwork if any. If you received the Qualifying Repair at a Hyundai dealership, you are strongly encouraged to submit repair orders, your communications with the dealership, and any other documentation related to the Qualifying Repair, so that Hyundai can take any necessary steps to acquire additional information that may be needed to assist with approving the claim.

For benefits that do not require you to get a Qualifying Repair, you will similarly need to submit (i) proof that you owned or leased your Class Vehicle; (ii) proof that a Qualifying Failure or Qualifying Fire actually occurred, like a police report and/or insurance paperwork; (iii) proof you paid for expenses incurred as a result; and (iv) if applicable, proof of sale or trade-in and value received for the sale or trade-in of your vehicle.

Proof that you incurred an expense may be different from proof that you paid for it. For example, while an invoice may show that you were charged for a repair, you will also need to provide a credit card receipt, credit card statement, bank statement, cleared check, or other documents to show that you actually paid for it. The only

circumstance in which attesting (swearing under oath) on your Claim Form that you paid for something in cash counts as proof of payment is if you paid cash for a repair done at an authorized Hyundai dealership.

12. **When would I get my reimbursement?**

In general, valid claims will be paid as they are approved, **after** the Effective Date. If there are no objections or appeals, the Effective Date for the Settlement will be the date of the Court's Order giving final approval to the Settlement. **Payments under the Settlement will begin once the Settlement has been finally approved by the Court and any appeals from that decision are completed.** If there are objections or appeals, the date will be later. When the date becomes known it will be posted at [LINK].

The Hon. Josephine Staton, U.S. District Court Judge, will hold a Fairness Hearing at [TIME] on [DATE] in Courtroom 8A on the 8th Floor at the U.S. District Court for the Central District of California, First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, to decide whether to approve the Settlement. The hearing may be rescheduled without further notice to you, so it is recommended you periodically check [LINK] for updated information. If the Court approves the Settlement, there may be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

You may continue to check on the progress of the Settlement by visiting [LINK] or calling [PHONE].

13. **What if my claim is found to be deficient?**

If a claim is found to be deficient and is rejected during the review process by the Settlement Administrator, the Class Member will be notified of the deficiency in writing. The Settlement Class Member will then have an opportunity to remedy the deficiency within 45 days of the written notice.

Hyundai will then send you a final determination of how much it will reimburse you. If you are unhappy with the final determination, you must write to Hyundai by mail at [ADDRESS] within 30 days from the ~~postmark~~ date of your final determination ~~letter or email~~ email (or postmark date if it was mailed instead), stating ~~to state~~ that you elect arbitration through the Better Business Bureau ("BBB") and providing your reasoning and supporting documentation. At that point, you and Hyundai will have up to 30 days to resolve the dispute before you can go to the BBB.

14. **What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself in writing as described in the answer to Question 15, you will be treated as part of the Settlement Class, and that means that **you cannot sue, continue to sue, or be part of any other lawsuit against Hyundai,** or other related entities or individuals (listed in the Settlement Agreement, which you can view at [LINK]) about the legal issues in *this* case if the Settlement is approved, including but not limited to claims of false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence arising from the defect alleged in this case. You will not be able to sue even on existing claims that you may already hold against Hyundai, or other related entities or individuals listed in the Settlement Agreement. It also means that all the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for: (i) death; (ii) personal injury; (iii) damage to property other than to a Class Vehicle; (iv) subrogation; or (v) any and all claims that relate to something other than a Class Vehicle and the alleged defect here.

9

If you have any questions about the scope of the legal claims you give up by staying in the Settlement Class, you may view Section VI of the Settlement Agreement (available at [LINK]) or you can contact the lawyers representing the Settlement Class (listed below) for free or speak with your own lawyer at your own expense.

| Matthew D. Schelkopf<br>Sauder Schelkopf LLC<br>1109 Lancaster Avenue<br>Berwyn, Pennsylvania 19312<br>mds@sstriallawyers.com | Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101<br>steve@hbsslaw.com | Gretchen Freeman Cappio<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>gcappio@kellerrohrback.com |
|---|---|---|

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the benefits or reimbursements provided in this Settlement, and you want to keep the right to sue or continue to sue Hyundai or other related entities or individuals, on your own and at your own expense, about the legal issues in this case, including for any existing claims you may currently have, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

**15. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit an opt-out form online at [LINK], or by letter via U.S. mail (or an express mail carrier) saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.). Be sure to include (i) your full name and current address, (ii) the model year, model, exact or approximate date(s) of purchase or lease, Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and (iii) a clear statement saying you wish to be excluded from the Settlement and the Class. You must submit your exclusion request no later than [DATE]. If you want to mail your exclusion request, you must send it to:

| **Defense Counsel** |
|---|
| Shon Morgan<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 |

*You cannot exclude yourself on the phone, or by e-mail.* Please keep a copy or screenshot of any exclusion (or opting out) request for your records.

If you ask to be excluded, you cannot receive any benefits under this Settlement, and you cannot object to the Settlement. If you choose to be excluded or opt out, you will be excluded for all claims you have that are included in the Settlement. You will not be legally bound by anything that happens in this lawsuit. Depending on the laws in your state, you may be able to sue (or continue to sue) Hyundai, or other related entities or individuals in the future about the legal issues in this case.

Any repairs performed on your Class Vehicle under the 15-Year/150,000-Mile Extended Warranty (from the date of the vehicle's original retail delivery) before [NOTICE DATE] shall preclude you from excluding yourself from the Class.

### 16. If I do not exclude myself, can I sue for the same thing later?

No.  Unless you exclude yourself (opting out), you give up the right to sue Hyundai and other related entities or individuals for the claims that this Settlement resolves.

If you have a pending lawsuit against Hyundai, or related entities, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit if it concerns the same legal issues related to the Class Vehicles and the alleged defect in this case, even if it involves other causes of action, including but not limited to, false advertising, deceptive practices, fraud, breach of implied or express warranties, lemon laws, unjust enrichment, strict product liability, and negligence.  Remember, the exclusion deadline is [DATE].

If you are a Class Member and you do nothing, you will remain a Class Member and all of the Court's orders will apply to you, you will be eligible for the Settlement benefits described above as long as you satisfy the conditions for receiving each benefit, and you will not be able to sue Defendants over the issues in this lawsuit.

### 17. If I exclude myself, can I get the benefits of this Settlement?

No.  If you exclude yourself, do not send in a Claim Form to ask for any reimbursement.  But, you may sue, continue to sue, or be part of a different lawsuit against Hyundai and other related entities or individuals for the claims that this Settlement resolves.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Court has appointed Matthew D. Schelkopf of Sauder Schelkopf LLC, Steve W. Berman of Hagens Berman Sobol Shapiro LLP, and Gretchen Freeman Cappio of Keller Rohrback L.L.P., to represent you and other Class Members.  Together, these lawyers are called "Class Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own cost.  Please **DO NOT** send Claim Forms to Class Counsel or the Court.

### 19. How will the lawyers be paid and will the Class representatives receive service payments?

At a later date, Class Counsel will ask the Court to award attorneys' fees, expenses, and service payments to each of the named Class Representatives:  Leslie Flaherty, Joanna Caballero, James Carpenter, Sharon Moon, Stanton Vignes, Kesha Franklin Marbury, Christina Roos, James J. Martino, James H. Palmer, John H. Caro, Ashley Gagas, Nicole Thornhill, Janet O'Brien, Robert Buettner, Linda Short, James Twigger, Jennifer and Anthony DiPardo, Seane Ronfeldt, Gabrielle Alexander, Tavish Carduff, Brian Frazier, Chad Perry, William Pressley, and Jeannett Smith.  It will be up to the Court to decide whether Defendants will be ordered to pay any of those fees, expenses, and service payments.  The Court may award less than the amounts requested by Class Counsel. Defendants will separately pay the fees and expenses and service payments that the Court awards.  These amounts will not come out of the funds for payments to Class Members.  Class Counsel will not seek more than

$12,000,000 in fees and expenses or a service award exceeding $5,000 to each Class Representative who was deposed in this lawsuit and $3,500 to each Class Representative who was not deposed in this lawsuit. Class Counsel will file their motion for attorneys' fees and expenses by [DATE]. You may continue to check on the progress of Class Counsel's request for attorneys' fees, expenses, and service awards by visiting [LINK].

Defendants will also separately pay the costs to administer the Settlement. The payment of Settlement administration costs will not come out of the funds for payments to Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with all or part of the Settlement.

**20.   How do I tell the Court if I do not like the Settlement?**

If you are a member of the Settlement Class and do not like the Settlement, you can object to all or part of the Settlement. You can give reasons you think the Court should not approve it. The Court will consider your views.

To object, you must mail a letter saying that you object to the addresses below:

| Matthew D. Schelkopf<br>Sauder Schelkopf LLC<br>1109 Lancaster Avenue<br>Berwyn, Pennsylvania 19312 | Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA 98101 | Gretchen Freeman Cappio<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 |
|---|---|---|

Your objection letter must include:

1) The name and title of the lawsuit, *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.);
2) A detailed written statement of each objection being made, including the specific reasons for each objection, and any evidence or legal authority to support each objection;
3) Your full name, address, and telephone number;
4) The model year and VIN of your Class Vehicle;
5) A statement disclosing whether you or your lawyer will ask to appear at the Fairness Hearing to talk about your objections, and if so, how much time you will need to present your objections;
6) Any supporting papers, materials, exhibits, or briefs that you want the Court to consider when reviewing the objection;
7) The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to your objection;
8) The number of times in which you, your counsel (if any), or your counsel's law firm (if any) have objected to a class action settlement within the five years preceding the date that you file the objection and the caption (name, case number, and court) of each case in which such objection was made;
9) A statement disclosing any consideration that you, your counsel (if any), or your counsel's law firm (if any) has received in connection with the resolution or dismissal of an objection to a class action settlement within the five years preceding the date that you file the objection; and
10) Your signature and that of your attorney, if you have one.

Submitting an objection allows Class Counsel or counsel for Defendants to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection. Failure to make yourself

available for such a deposition or comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard. The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

Objections must be sent by first class mail to each of the above addresses and postmarked no later than [DATE]. Objections submitted after this date will not be considered.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the final approval hearing.

**21.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, subject to the requirements above, but you do not have to.

**22.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [TIME] on [DATE] in Courtroom 8A on the 8th Floor at the U.S. District Court for the Central District of California, First Street U.S. Courthouse, 350 West 1st St., Los Angeles, CA 90012, to decide whether to approve the Settlement. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel and whether to approve the Class Representatives' service awards. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you, so it is recommended you periodically check [LINK] for updated information.

**23.    Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions Judge Staton may have. However, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also attend or pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**24.    May I speak at the Fairness Hearing?**

You may ask the Court's permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223-JLS-JDE (C.D. Cal.)" or state in your objections that you intend to appear at the hearing. Be sure to include your

name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you. Your Notice of Intention to Appear must be postmarked no later than [DATE], and be sent to Defense Counsel and Class Counsel, at the following addresses:

| Defense Counsel | Class Counsel |
| --- | --- |
| Shon Morgan<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 | Matthew D. Schelkopf<br>Sauder Schelkopf LLC<br>1109 Lancaster Avenue<br>Berwyn, Pennsylvania 19312 |

## IF YOU DO NOTHING

### 25. What happens if I do nothing at all?

If you do nothing, you will not receive any reimbursements or compensation from this Settlement. However, you will be entitled to the benefits of the 15-Year/150,000-Year Extended Warranty from the date of the vehicle's original retail delivery (if you continue to own or lease your Class Vehicle). **As explained above, to obtain Extended Warranty benefits, you may need to first complete the KSDS update at a Hyundai dealership.** But, unless you exclude yourself, you will not be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Hyundai or other related entities or individuals about the legal issues in this case, ever again.

This Settlement will not affect your right to sue Defendants for any claims not resolved by the Settlement, regardless of whether or not you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

### 26. Are there more details about the Settlement?

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement, which you can view at [LINK].

Neither Defendants nor Class Counsel make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement. Consult your tax adviser for any tax questions you may have.

### 27. How do I get more information?

You can call [PHONE] toll free or visit [LINK], where you will find information and documents about the Settlement, a Claim Form, plus other information. You may also contact Class Counsel listed in response to Question 14.

All papers filed in this action are also available for review via the Public Access to Court Electronic Resources System (PACER), available online at http://www.pacer.gov.

**Other than a request to review the Court's files at the Clerk of the Court's Office, please do not contact the Clerk of the Court or the Judge with questions.**

14