QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
  Christine W. Chen (Bar No. 327581)
  christinechen@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
  Cristina Henriquez (Bar No. 317445)
  cristinahenriquez@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801 5100

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation II* | CASE No. 8:18-cv-02223-JLS-JDE<br><br>**DECLARATION OF SHON MORGAN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Date: September 8, 2023<br>Time: 10:30 a.m.<br>Judge: Hon. Josephine L. Staton<br>Courtroom: 8A |

-1-                        Case No. 8:18-cv-02223-JLS-JDE
MORGAN DECL. IN SUPPORT OF PLAINTIFFS' APP. FOR LEAVE TO FILE UNDER SEAL

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for defendants Hyundai Motor America, Inc., Hyundai Motor Company, Kia America, Inc., and Kia Corporation. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I make this declaration in support of plaintiffs' Application for Leave to File Under Seal (Dkt. 110).

3. Plaintiffs' Application relates to eleven documents that support their Motion for Final Approval of Class Action Settlement:

- Declaration of Adam R. Gonnelli;
- Expert Report of Susan K. Thompson (Gonnelli Decl. Ex. 1);
- Hyundai Class Vehicle sales data (Gonnelli Decl. Ex. 2);
- Kia Class Vehicle sales data (Gonnelli Decl. Ex. 3);
- Hyundai Class Vehicle warranty data (Gonnelli Decl. Ex. 4);
- Kia Class Vehicle warranty data (Gonnelli Decl. Ex. 5);
- Hyundai's August 19, 2022 confidential Responses to Plaintiffs' First Set of Interrogatories (Gonnelli Decl. Ex. 6);
- Kia's August 19, 2022 confidential Responses to Plaintiffs' First Set of Interrogatories (Gonnelli Decl. Ex. 7);
- Declaration of Jake Lebowitz (Gonnelli Decl. Ex. 8);
- Declaration of Elizabeth Fernandez Regarding Knock Sensor Detection Software (KSDS) Installation Rates (Gonnelli Decl. Ex. 10); and
- Declaration of Alex Lee Regarding KSDS Installation Rates (Gonnelli Decl. Ex. 11).

4. These documents refer to confidential material that is proprietary to defendants and that has been designated as confidential in this litigation.

5. For the reasons described below, good cause exists to seal these materials. In the Ninth Circuit, the common law right of access to judicial

proceedings "is not absolute and can be overridden" when the parties provide sufficiently compelling reasons to restrict access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts regularly hold that there are "[c]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing" when court records contain trade secrets which, if disclosed, could "become a vehicle for improper purposes," such as harming a party's competitive standing. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("compelling reasons" for preventing disclosure include the potential disclosure of "business information that might harm a litigant's competitive standing"). In such circumstances, district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

6. The eleven relevant documents should be sealed because they reference Hyundai and Kia's confidential, non-public, commercial, business, and competitively-sensitive information, such as sales data, warranty projections, costs, and expenditures, financial information, pricing information, and service campaign completion rates (KSDS installation rates). Sealing such information is justified because disclosure would result in competitive harm. *See L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV186809MWFMRWX, 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *In re ConAgra Foods, Inc.*, No. CV1105379MMMAGRX, 2014 WL 12577132, at *5 (C.D. Cal. July 11, 2014) (granting request to seal portions of

declaration that refer to non-public and competitively sensitive pricing information). "Courts have found it appropriate to redact 'private financial information of competitive value.'" *Cox v. Roadrunner Intermodal Servs., LLC*, No. 117CV01056DADBAM, 2019 WL 3202922 (E.D. Cal. July 16, 2019) (quoting *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 3759632, at *2 (S.D. Cal. Aug. 25, 2011) (granting request to seal detailed pricing information of a retailer under a "compelling reasons" standard)).

7. In the Declaration of Adam R. Gonnelli, Paragraph 6 contains information regarding not only Hyundai and Kia's Class Vehicle population, but also the number of Hyundai and Kia Class Vehicles that are scrapped or salvaged. Paragraphs 7 and 8 contain the number of Hyundai and Kia Class Vehicles that have been in service for over 150,000 miles. Paragraph 11 contains information regarding the value of Hyundai and Kia's Powertrain Warranty and Paragraphs 16 and 17 contain the projected percentage of Hyundai Class Vehicles that had the free inspection associated with Recalls 20V-746 and 21V-727. Paragraph 18 contains Kia's internal estimate of the average number of hours of labor spent on free inspections. Paragraphs 19 to 22 contain information regarding Hyundai and Kia's KSDS installation rates and Paragraphs 23 and 24 contain the amount Hyundai and Kia reimburse its dealers for installing KSDS. Finally, Paragraphs 25 and 26 contain information regarding the national hourly labor rates for Hyundai and Kia dealers. These are Hyundai and Kia's business information and sensitive pricing information that could result in competitive harm to Hyundai and Kia if disclosed.

8. The portions redacted on pages 12-19 of the Expert Report of Susan K. Thompson and the accompanying schedules are information redacted in the Gonnelli Declaration above or are estimations and analysis by the expert based on these values. The redacted portions also contain sensitive pricing information regarding Hyundai and Kia's short block assembly, Hyundai and Kia's recall response rates, and the value of KSDS installation. This information is Hyundai and

Kia's business information and sensitive pricing information that could result in competitive harm to Hyundai and Kia if disclosed.

9. Hyundai and Kia's Class Vehicle sales data in Gonnelli Declaration Exhibits 2 and 3 are also redacted. Such information should remain under seal because disclosure of this confidential commercial information would provide valuable insight into Hyundai and Kia's sales data and would result in competitive harm.

10. Information relating to Hyundai and Kia's warranty redacted in Gonnelli Declaration Exhibits 4 and 5 is confidential, non-public, and competitively sensitive. Such information should remain under seal because disclosure of this confidential commercial information would provide competitors valuable insight into Hyundai and Kia's internal pricing practices for its warranty packages and would result in competitive harm.

11. Hyundai and Kia's August 19, 2022 confidential Responses to Plaintiffs' First Set of Interrogatories contain Hyundai and Kia's sensitive financial and pricing information, vehicle information including a vehicle's "anticipated useful life", and labor information that is confidential, non-public, and competitively sensitive. Such information should remain under seal because disclosure would result in competitive harm.

12. The redacted portions of the Declaration of Jake Lebowitz contain information regarding how Kia values its warranties. Such information should remain under seal because disclosure of this confidential commercial information would provide competitors valuable insight into Kia's internal pricing practices for its warranty packages and would result in competitive harm.

13. The redacted portions of the Declarations of Elizabeth Fernandez and Alex Lee contain information regarding scrapped or salvaged Hyundai and Kia vehicles, KSDS installation rates, and how those rates were calculated. This is

confidential, non-public, and competitively sensitive information that should remain under seal because disclosure would result in competitive harm.

14. Hyundai and Kia operate in a competitive environment. Hyundai and Kia would not generally share the redacted information publicly. Public disclosure of the information above would allow Hyundai and Kia's competitors access to Hyundai and Kia's strategic business decisions, which could harm Hyundai and Kia's competitive standing.

15. Plaintiffs' proposed sealing requests are narrowly tailored as to maximize the public's access to court proceedings without jeopardizing Hyundai and Kia's business interests. A less restrictive alternative than sealing the information above would not be sufficient because the information sought to be sealed is Hyundai and Kia's proprietary and confidential business information but has been utilized by plaintiffs in support of plaintiffs' Motion for Final Approval of Class Action Settlement.

16. Plaintiffs do not oppose defendants' request to keep the redacted information above under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 13, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Shon Morgan
Shon Morgan
*Attorneys for Kia America, Inc., Kia Corporation, Hyundai Motor America, Inc., and Hyundai Motor Company, Ltd.*