1  Matthew D. Schelkopf (*pro hac vice*)
   mds@sauderschelkopf.com
2  SAUDER SCHELKOPF LLC
   1109 Lancaster Avenue
3  Berwyn, PA 19312
   Telephone: (610) 200-0581
4  Facsimile: (610) 421-1326

5
   Steve W. Berman (*pro hac vice*)
6  steve@hbsslaw.com
   HAGENS BERMAN SOBOL SHAPIRO LLP
7  1301 Second Avenue, Suite 2000
   Seattle, WA 98101
8  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
9
   *Co-Lead Counsel*
10

11                **UNITED STATES DISTRICT COURT**
12                **CENTRAL DISTRICT OF CALIFORNIA**
13

| *In re: Hyundai and Kia Engine Litigation II* | Case No. 8:18-cv-02223-JLS-JDE |
|---|---|
| | **SUPPLEMENTAL DECLARATION OF MATTHEW D. SCHELKOPF IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS COUNSEL FEE AND EXPENSE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS** |
| | Date: September 8, 2023
Time: 10:30 a.m.
Hon. Josephine L. Staton
Courtroom: 8A |

---

SUPPL. DECL. OF MATTHEW D. SCHELKOPF IN SUPP. OF PLS.' REPLY IN SUPP. OF MOT. FOR CLASS COUNSEL FEE AND EXPENSE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS
Case No. 8:18-cv-02223-JLS-JDE

I, Matthew D. Schelkopf, declare as follows:

1. I am an attorney admitted pro hac vice in this litigation, a partner at the law firm of Sauder Schelkopf LLC, and counsel of record for Plaintiffs in *In re: Hyundai and Kia Engine Litigation II*, No. 8:18-cv-02223 (C.D. Cal.). I could and would competently testify to the matters stated in this declaration based on my personal knowledge or discussions with counsel in my firm.

2. I submit this supplemental declaration in support of Plaintiffs' Reply in Support of Motion for Class Counsel Fee and Expense Award and Class Representative Service Awards, filed concurrently herewith.

## The *Short* Matter

3. As stated in my initial declaration in support of our fee motion, the discovery conducted in *Short et al. v. Hyundai Motor Company, et al.*, No. 2:19-cv-00318-JLR (W.D. Wash.) aided and informed our progress and settlement of this Action. *See* Dkt. 106-7 (Schelkop Decl.) ¶ 21. The Declaration of Steve W. Berman, also submitted in support of Plaintiffs' Reply in Support of Motion for Class Counsel Fee and Expense Award and Class Representative Service Awards, expands on the impact of *Short* in the settlement of this matter.

4. As a supplement to that declaration, my firm – along with co-counsel Walsh PLLC and the Law Office of Adam R. Gonnelli – filed *Marbury v. Hyundai Motor Am., Inc.*, No. 8:21-cv-00379 (C.D. Cal.) on February 26, 2021. The *Marbury* Complaint focused its allegations on alleged defects in the Theta II multi-point injection ("MPI") engines. Conversely, the remaining claims in *Flaherty v. Hyundai Motor Co.*, No. 8:18-cv-02223 (C.D. Cal.) related to Gamma and Nu gasoline direct injection ("GDI") engines. The *Short* action also involved allegations of defective Gamma, Nu, and MPI engines.

5. The discovery received in *Engine I* related solely to GDI engines. As such, discovery related MPI engines was crucial to negotiating and agreeing to a settlement in this case. Consultations with *Short*'s counsel regarding their discovery

findings and expert opinions helped ensure the proposed Settlement included affected vehicles that shared a common defect appropriate for class-wide resolution.

### **Anticipated Post-Final Approval Time**

6. In Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, they argue that Plaintiffs' counsel estimated fees for post-final approval settlement administration are "excessive." (ECF No. 120, at 19.) According to Defendants, the number of notices submitted is not the right proxy for comparison to the significant post-final approval incurred in *Engine I*, and it should be the "number of class vehicles." *Id.* This would yield $1.04 million in additional fees.

7. But Defendants argue that even that should be "adjusted downward" because of efficiencies learned and implemented from *Engine I*. Defendants do not point to anything concrete that establishes "class counsel will need to spend fewer hours on settlement administration." Instead, it relies on conjecture about improvements to the definition of Exceptional Neglect and improvements to the claim submission process. While Plaintiff's counsel can appreciate there have been improvements, none of these improvements have any objective data that would allow the parties to measure their impact.

8. Instead, Plaintiff's counsel believes the best (and only) way to properly assess their post-final approval time is based on their experience in *Engine I*. There, plaintiffs' counsel performed over $2 million of additional work post-final approval. This time was not limited to solely disputes about Exceptional Neglect, or technical issues with the claims submission process. Instead, it was incurred assisting class members with their claims, answering their questions, resolving disputes with both the claims administrators and with defense counsel, auditing the claims generally, and ensuring the claims process was working smoothy.

9. In the two months between submitting their initial fee brief in *Engine I* and supplementing it, Class Counsel's lodestar increased by $685,128. At the time

of the second fee mediation in *Engine II* in April 2023, the post-final approval work conducted in *Engine I* reduced the lodestar awarded from a 1.67 to 1.10.

10.  Based on the volume of work still being performed on a weekly basis in *Engine I*, I am confident that the lodestar eventually result in a negative multiplier (*i.e.* the fee awarded will be less than the total lodestar).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed August 11, 2023, at Berwyn, Pennsylvania.

/s/ *Matthew D. Schelkopf*
Matthew D. Schelkopf