# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation II* | Case No. 8:18-cv-02223-JLS-JDE<br><br>**DECLARATION OF BONNER C. WALSH REGARDING PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING OBJECTIONS AND SUMMARY OF SETTLEMENT ADMINISTRATION**<br><br>Date: September 8, 2023<br>Time: 10:30 a.m.<br>Hon. Josephine L. Staton<br>Courtroom: 8A |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

---

DECL. OF BONNER C. WALSH REGARDING PLS.' SECOND SUPPL. BR. RE: OBJECTIONS & SUMMARY OF SETTLEMENT ADMINISTRATION
Case No. 8:18-cv-02223-JLS-JDE

I, BONNER C. WALSH, declare as follows:

1.  I am a member of the law firm of Walsh PLLC. I submit this supplemental declaration in support of Plaintiffs' Second Supplemental Brief Regarding Objections and Summary of Settlement Administration. I have personal knowledge of the matters set forth herein based upon my active supervision and participation in all material aspects of the litigation.

2.  My co-counsel and I have conducted an audit of a statistically significant sample of Settlement claim denials (described in further detail below), which includes the basis for the denials, the documentation the Settlement Administrators are requiring to approve a claim, and other information regarding the propriety of the denials. I personally served as the lead attorney for obtaining and reviewing this sample and performing a detailed analysis.

3.  The results, as well as my conclusions and recommendations, of that audit follow.

**Methodology**

4.  To perform a statistically relevant analysis of the claims process, I obtained a list of all claims submitted through October 6, 2023, to both Epiq/Kia and HMA for Qualifying Repairs, which is a prerequisite to receive certain relief under the Settlement.

5.  In *Engine I*, plaintiffs' counsel reviewed all types of submitted claims to determine whether the claims process was functioning as intended. Here, Plaintiffs' Counsel limited our review to the denied claims as that is where the bulk of issues were identified in the previous settlement. This ensured a superior statistical sample. Therefore, Plaintiffs' Counsel obtained a complete list of all denied claims where documents were submitted and Claimants had an opportunity to cure any perceived defects.

6.  I performed a randomization of this denied claims list and took a sample to do an analysis with a 99% confidence level. At the time I requested the denied claims

list, there were 1,382 denied Hyundai claims and 743 denied Kia claims. By randomly selecting 250 Epiq/Kia claims for review, we were able to perform an audit with a 99% confidence level and a 6.6% margin of error.[1] A similar statistically relevant sample was taken for HMA that yielded a 99% confidence level with a 7.3% margin of error.

### Result of Audit of Denied Claims

7.  In my review of denied sample claims, I flagged a total of 36 Epiq/Kia claims and 25 HMA claims for which I believed there should be at least partial approval. These included situations where I suspected a claim may have been improperly rejected because either (1) the Class member had provided sufficient documentation or (2) any missing documents should be readily available to either Kia or HMA. Plaintiffs' Counsel is still working with Defendants to determine if these claims should be approved or denied and whether improvements can be made to the approval process to ameliorate such issues going forward.

8.  Assuming Plaintiffs' Counsel are correct regarding the above claims, the error rate is much improved as compared to *Engine I*. Here, there appears to be a less than 14.5% error rate for Epiq/Kia and a 10% error rate for Hyundai. Because these numbers give the benefit of doubt to Class members, it is likely the actual error rate at this stage will be reduced from the current observed rates.

9.  One example of an identified issue was that there were some instances where a Class member had gone to a Kia or Hyundai dealer for a malfunctioning vehicle. In these instances, it was determined that the vehicle needed an engine, but the dealer failed to document the root cause of the engine failure. Plaintiffs' Counsel believes that where a Kia or Hyundai dealer failed to document the root cause that a Class member's claim should not be denied on that basis alone.

---

[1] This means that if 100 audits were completed of randomized data that we would expect 99 of those audits to be within approximately 6.6% of the observed data for Epiq/Kia claims.

DECL. OF BONNER C. WALSH REGARDING PLS.' SECOND SUPPL. BR. RE: OBJECTIONS & SUMMARY OF SETTLEMENT ADMINISTRATION – 2
Case No. 8:18-cv-02223-JLS-JDE

10. Plaintiffs' Counsel is continuing to work through the above issues with the Settlement Administrators and Defendants, but if any of these issues cannot be resolved between the Parties, Class Counsel will present them to the Court for review.

**Potentially Fraudulent Claims**

11. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

13. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

14. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

15. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1
2
3        16.     █████████████
4
5
6
7
8
9

**Additional Objections Received**

17.    There were no additional timely objections received during the extended notice period. There was one late-filed objection and one status request from a previous objector.

18.    On October 13, 2023, an objection was received from Vanessa Moore Moreland. The transmission email and the objection are attached together as **Exhibit B.** Ms. Moreland was not one of the Class members who received the late notice and as such her email was untimely by some 67 days. Additionally, much of the required information was omitted and the objection was aimed at vehicle issues outside of this litigation. This objection is clearly untimely and improper.

19.    On January 3, 2024, Class Counsel was contacted by a Carolyn Ortiz. She claimed that she had sent an objection on August 2, 2023, and was seeking information on its current status. She provided her VIN and email address at that time, allowing us to determine that she indeed filed an objection previously. Her objection was submitted under the name Kierra Washington and was previously provided to the Court.

**Updated Class Reaction to the Settlement**

20. Class member declarations about their opinions on the Settlement have continued to trickle in. Since the last update, 11 new declarations were received. All but one support Settlement approval. I have attached the Declaration of Megan Szeman who opposes Settlement approval, as **Exhibit D**.

21. Including these new declarations, a total of 639 declarations have been received from Class members through January 8, 2024. From those declarations, 405 (63.38%) found the Settlement relief satisfactory, and 625 (97.81%) support approval of the Settlement. The slight downward trend in the support for the Settlement seems to be most related to the passage of time. I speak with Class members almost daily, and the biggest theme of the most recent calls is, "when will I get paid."

**Settlement Claim Data**

22. As of January 5, 2024, Kia has approved 1,345 Settlement claims for reimbursement totaling $3,352,608.18, and HMA has approved or is conducting final validation on 1,108 Settlement claims totaling $2,373,490.40. This does not include purely warranty-based claims where Class members are not paying out of pocket in order to receive the repair offered by the Extended Warranty. The Settlement claims process is ongoing and will continue through the Extended Warranty period.

23. The BBB appeal process is in its initial stages, but currently there are 34 HMA Claimants and 101 Kia Claimants appealing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 17, 2024, at Grangeville, Idaho.

By: */s/ Bonner C. Walsh*
    Bonner C. Walsh
    WALSH PLLC
    1561 Long Haul Road
    Grangeville, ID 83530

DECL. OF BONNER C. WALSH REGARDING PLS.' SECOND SUPPL. BR. RE: OBJECTIONS & SUMMARY OF SETTLEMENT ADMINISTRATION – 5
Case No. 8:18-cv-02223-JLS-JDE