Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Matthew D. Schelkopf (*pro hac vice*)
mds@sauderschelkopf.com
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Facsimile: (610) 421-1326

*Co-Lead Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation II* | Case No. 8:18-cv-02223-JLS-JDE<br><br>**PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING OBJECTIONS AND SUMMARY OF SETTLEMENT ADMINISTRATION** |

## I. INTRODUCTION

Class Counsel submits this second supplemental update on the objections and Settlement administration. There are no new timely objections to report and the deadlines for all objections has now passed. Plaintiffs' counsel conducted a thorough and random audit of Settlement claims and the claims process generally. While some minor claims processing issues and some claims that may have been improperly denied have been identified, overall, the administration is proceeding effectively and consistent with the Settlement Agreement. Plaintiffs' counsel will continue to supervise and assist Class members with this process. Finally, the Class reaction to the Settlement remains positive, but based on additional Class member contacts and declarations received since Plaintiffs' last update to the Court, the delay in disbursements to Claimants has started to erode overall satisfaction with the Settlement. For these reasons, Plaintiffs believe final approval of the Settlement is warranted and request the Court grant it as soon as practicable.

## II. UPDATE ON OBJECTIONS TO THE SETTLEMENT

The objection deadline for Class members who received late notice of the Settlement was December 26, 2023. ECF No. 155-1 at 2. Class Counsel has not received any objections from these late-noticed Class members.

Class Counsel received an objection on October 13, 2023, from Vanessa Moore Moreland. A copy of the objection is attached to the Declaration of Bonner C. Walsh ("Walsh Decl.") as Exhibit B. Ms. Moreland was not one of the late-noticed Class members. Ms. Moreland's objection was sent 67 days after the August 7, 2023 deadline and fails to provide the required information listed in the long-form notice, such as the name and title of the lawsuit, her address and telephone number, the VIN of her Class Vehicle, whether she will ask to appear at the Final Fairness Hearing (which occurred on September 8, 2023), the identity of any counsel representing her, the number of times she has objected to a class action settlement within the preceding

PLS.' SECOND SUPPL. BR. RE: OBJECTIONS & SUMMARY
OF SETTLEMENT ADMINISTRATION – 1                                          Case No. 8:18-cv-02223-JLS-JDE

five years, a statement disclosing any consideration she may have received in connection with a class action dismissal or objection within the past five years, and her signature. As such, Ms. Moreland's untimely and deficient objection should not be considered. If the merits of her objection are considered, Class Counsel respectfully submits it should still be overruled, as her objection complains of alleged defects in her vehicle that may cause excessive engine oil consumption, which are unrelated to the Settlement. For example, in her facts section her main complaint is, "My Oil [sic] light continuously comes on and goes out and my engine is still burning oil leaving me in a position where I have to put oil in my auto every other week." *Id.* at 2.

Class Counsel was also contacted by Carolyn Ortiz, who claimed to have mailed an objection on August 2, 2023, and contacted Class Counsel to obtain the status of her objection. Based on the VIN and an email address provided that matches those found in the Washington Objection (ECF No. 131-2 at 189), Class Counsel have determined that this objection was filed under the name Kierra Washington and was previously provided to the Court and sought a cash payment of $8,556.00. *See* ECF No. 131-2 at 185 (Ex. A to Declaration of Bonner C. Walsh). Class Counsel submits that this objection should be overruled for the same reasons set forth in Plaintiffs' Supplemental Brief Regarding Objections and Summary Settlement Administration, ECF No. 131 at 3, n.21.

### III. REVIEW OF CLAIMS PROCESS

Plaintiffs' Counsel, in addition to continuing to assist Class members with claims, have conducted an analysis of the Settlement's claims process. This included selecting, through a random number-generated process, the claim files of 250 denied Kia Claimants and 250 denied Hyundai Claimants. On request, the complete claim files for these Claimants were provided to Plaintiffs' counsel for review. Walsh Decl. ¶¶ 5-6. Plaintiffs' Counsel identified some minor issues with the claims process, as

well as certain claims that were potentially improperly denied. *Id.* ¶¶ 7-8. For example, it was identified that when dealership service records indicated the Hyundai and Kia dealerships failed to do a full diagnosis of an issue, the Settlement claims were denied. *Id.* ¶ 9. Plaintiffs' Counsel are working with Defendants regarding final determination of these claims as well as potential tweaks to the claims process moving forward. In addition, based on the current status of the claims process, Plaintiffs' Counsel do not believe that further Court updates are needed. However, Plaintiffs' Counsel will continue to supervise and assist with the Settlement administration, which is likely to be ongoing for years as claims and appeals are made and processed, and any other issues are identified and resolved. Should any overarching issues arise, Plaintiffs' Counsel will notify the Court. *See id.* ¶ 10.

## IV.   POTENTIALLY FRAUDULENT CLAIMS

Epiq has flagged a subset of Kia claims as potentially fraudulent. In particular, as of January 3, 2024, Epiq has received approximately 256,227 claims that show evidence of being filed by bots or automated programs. *Id.* ¶ 11. It appears that the flood may be slowing on these potentially fraudulent claims as the bulk of them were submitted between October 23, 2023, and December 7, 2023 (228,637 of the 256,227 claims). *Id.* ¶ 12. These claims have been neither approved nor denied, but instead have been segregated and are being monitored separately from the non-bot claims. Plaintiffs' Counsel were provided a complete list of these claims and conducted a general review and agree that they are indicative of fraud. *See id.* ¶ 13. Plaintiffs' Counsel also requested the supporting documentation for several swaths of these claims and agree that they appear to be both fraudulent and computer-generated. *Id.* More details are outlined in the accompanying Declaration of Bonner C. Walsh but are not included here to avoid educating any potential fraudsters on how to better submit fraudulent claims.

A similar issue arose in this District in the case of *Julian, et al. v. TTE Tech.*,

*Inc.*, No. 3:20-cv-02857-EMC, ECF No. 157 (N.D. Cal. May 17, 2023) (Joint Admin. Motion for Direction Regarding Potentially Fraudulent Claims); ECF No. 159 (N.D. Cal. May 30, 2023) (Order granting same). In that case, the claims administrator identified a significant number of claims that were potentially submitted as a result of bot activity rather than by class members. *Id*. at 6. The parties proposed, and the court approved, a verification process patterned after the approach taken in *Opperman, et al. v. Kong Tech., Inc., et al.*, No. 13-cv-00453-JST, ECF No. 911 (N.D. Cal. Nov. 30, 2017) (Unopposed Admin. Motion for Direction Regarding Potentially Fraudulent Claims); ECF No. 918 (N.D. Cal. Dec. 15, 2017) (Order granting same). The process consisted of an emailed verification notice to the suspected bot claimants requesting that they complete a verification process on the settlement website. *Julian*, No. 3:20-cv-02857-EMC, ECF No. 157 at 6 (May 17, 2023). The verification process was designed to be easily completed by a human being, but difficult for an automated bot. *Id.* Claimants also had the option of contacting the claims administrator directly to verify their claims. *Id.* at 7. Any suspected bot claims not verified within fourteen days were disallowed. *Id.* The parties and claims administrator thereupon reported to the court regarding the outcome of the verification process. *Id.*; ECF No. 161 (July 14, 2023) (reporting results of verification process).

The Parties propose a similar verification process here. Under the Settlement Agreement, "Defendants and their Settlement Administrators may ask Claimants for additional Proof of Payment if fraud is suspected but must contemporaneously notify Class Counsel of such request." ECF No. 79-2, Settlement Agreement § I.Y.

Epiq has implemented a methodology aimed at identifying those claims that have the hallmarks of fraud. Walsh Decl. ¶ 11. Here, the Parties believe the identified claims should be denied *en masse* with the transmission email providing the Claimants 14 days to cure the claim by verifying both ownership of a Class Vehicle and proof of payment through a bank statement or credit card receipt, which are both

required documentation for Settlement claim approval. Failure to do so shall result in the final denial of the claim and preclude the Claimant from further participating in the Settlement. It is yet to be determined if Kia shall pursue any legal action against those responsible for the fraudulent claims.

The Parties will submit to the Court a proposed joint Administrative Order approving this plan of action and setting a date by which the Parties and Epiq shall report back to the Court. Since all other necessary deadlines have occurred, this should not delay any potential final approval of the Settlement. Plaintiffs' Counsel will continue to work on this and other claims issues as they arise.

## V. UPDATE ON CLASS REACTION TO THE SETTLEMENT

The Class's reaction to the Settlement remains positive, although some dissatisfaction regarding Class members' desire to obtain immediate reimbursement is becoming more pronounced. Walsh Decl. ¶ 21. Between August 26, 2023, and January 8, 2024, an additional 11 declarations have been received from Class members. *Id.* ¶¶ 20, 21. All but one[1] of the additional declarants supported the Settlement. *Id.* Among all 639 declarations received through January 8, 2024, 405 (63.38%) found the Settlement relief satisfactory and 625 (97.81%) support Settlement approval. *Id.*

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant final approval of the Settlement.

---

[1] *See* Walsh Decl., Ex. D (Megan Szeman declaration).

DATED: January 17, 2024

Respectfully submitted,

/s/ Steve W. Berman
Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
HAGENS BERMAN SOBOL SHAPIRO LLP
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Matthew D. Schelkopf (*pro hac vice*)
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Facsimile: (610) 421-1326
mds@sauderschelkopf.com
jbk@sauderschelkopf.com

*Co-Lead Counsel*

Gretchen Freeman Cappio (*pro hac vice*)
Ryan McDevitt (*pro hac vice*)
Adele Daniel
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com
adaniel@kellerrohrback.com

*Settlement Counsel*

Bonner C. Walsh (*pro hac vice*)
WALSH PLLC
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
bonner@walshpllc.com

Adam Gonnelli (*pro hac vice*)
LAW OFFICE OF ADAM R. GONNELLI, L.L.C.
707 Alexander Road
Bldg. 2, Suite 208
Princeton, NJ, 08540
Telephone: (917) 541-7110
Facsimile: (315) 446-7521
adam@arglawoffice.com

Rachel E. Fitzpatrick (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 W. Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rachelf@hbsslaw.com

*Attorneys for Plaintiffs*