# EXHIBIT A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Hyundai and Kia Engine Litigation II* | Case No. 8:18-cv-02223-JLS-JDE <br><br> Hon. Josephine L. Staton <br><br> **[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING CLASS COUNSEL FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS** |

|   |   |
|---|---|
| 1 | Plaintiffs Leslie Flaherty, Joanna Caballero, James Carpenter, Sharon Moon, Stanton Vignes, Kesha Franklin Marbury, Christina Roos, James J. Martino, James H. Palmer, John H. Caro, Ashley Gagas, Nicole Thornhill, Janet O'Brien, Robert Buettner, Linda Short, James Twigger, Jennifer and Anthony DiPardo, Seane Ronfeldt, Gabrielle Alexander, Tavish Carduff, Brian Frazier, Chad Perry, William Pressley, and Jeannett Smith ("Plaintiffs" or "Class Representatives"), individually and as representatives of the Class, entered into a Settlement Agreement with Defendants Hyundai Motor America ("HMA"), Hyundai Motor Company ("HMC"), Kia Corporation ("KC"), and Kia America, Inc. ("KA") (together, "Defendants") (collectively the "Parties") and moved this Court for an order granting final approval of their class action settlement. The Court carefully considered the Settlement Agreement (Doc. 79-2), the motion for final approval, all supporting papers, the arguments of counsel, and all objections to the proposed settlement, and granted final approval of the class action settlement on April 9, 2024 ("Final Approval Order," Doc. 163). |

Now, in consideration of the entire record herein, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over the Parties in this action.

2. The Court enters this Order and Final Judgment more than ninety (90) days after Defendants provided notice of the proposed Settlement to the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

3. This Order and Final Judgment incorporates herein the Settlement Agreement (Doc. 79-2), the Preliminary Approval Order (Doc. 99), and the Final Approval Order (Doc. 163). Capitalized terms not otherwise defined here shall have the same meaning as set forth in the Settlement Agreement.

4.      The Class, as defined in the Court's Final Approval Order, was certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23, and is defined as follows:

> All owners and lessees of a Class Vehicle who purchased or leased a Class Vehicle in the United States, including those that were purchased while the owner was abroad on active U.S. military duty, but excluding those purchased in U.S. territories and/or abroad.[1]

5.      The Court finds certification of the Class is appropriate pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth in the Preliminary Approval Order and the Final Approval Order. Specifically, the Court concluded that: (i) the Settlement Class members are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class; (iii) the Class Representatives' claims and the defenses thereto are typical of the

---

[1] Excluded from the claims of the Class (and not released by this Settlement) are all claims for death, personal injury, property damage (other than damage to a Class Vehicle that is the subject of a Qualifying Repair), and subrogation. Also excluded from the Class are (a) HMA, HMC, KC, and KA; (b) any affiliate, parent, or subsidiary of HMA, HMC, KC, or KA; (c) any entity in which HMA, HMC, KC, or KA has a controlling interest; (d) any officer, director, or employee of HMA, HMC, KC, or KA; (e) any successor or assign of HMA, HMC, KC or KA; (f) any judge to whom this Action is assigned, the judge's spouse or partner, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; (g) individuals and/or entities who validly and timely opt-out of the settlement; (h) consumers or businesses that have purchased Class Vehicles previously deemed a total loss, salvaged, branded, or obtained from a junkyard (subject to verification through Carfax or other means); (i) vehicle owners or lessees who rent or previously rented the Class Vehicle for use by third-party drivers, including leasing companies; (j) individuals and commercial entities engaged in the business of buying, selling, or dealing in motor vehicles, including new and used motor vehicle dealerships, franchisees, vehicle brokers, or automobile auction houses and individuals employed by or acting on behalf of such businesses; (k) banks, credit unions or other lienholders; and (l) current or former owners of a Class Vehicles who previously released their claims in an individual settlement with HMA, HMC, KC, or KA with respect to the issues raised the Action.

claims of the Settlement Class and the defenses thereto; (iv) the Class Representatives and their counsel can protect and have fairly and adequately protected the interests of the Settlement Class members in the Action; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the Action and provides substantial benefits to the Settlement Class. The Court therefore determines that this Action satisfies the prerequisites for class certification for settlement purposes under Federal Rule of Civil Procedure 23.

6. The Class Notice was disseminated in accordance with the procedures required by the Court's Orders (Docs. 99, 122, 154), in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.

7. The Court held a hearing on September 8, 2023, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and adequate notice of the proceedings was given to Settlement Class Members, with a full opportunity to participate in the fairness hearing.

8. The Court carefully considered and overruled any objections to the proposed settlement that have been filed.

9. The Court concluded the Settlement is a fair, reasonable, and adequate compromise of the claims asserted in this action for the reasons set forth in the Final Approval Order. Specifically, the Court considered each of the factors in Rule 23(e)(2) and each of the eight factors set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). The factors the Court has considered include: "(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;

1 and (8) the reaction of the class members to the proposed settlement." *Id.* Further, the Court concluded the Settlement is not the product of collusion. The Court found these factors supported final approval.

10. The Court further considered Plaintiffs' request for attorneys' fees and expenses and Class Representative service awards (Doc. 106). The Court concluded $3,404,900.14 in attorneys' fees are reasonable under Federal Rule of Civil Procedure 23, and awarded them to Plaintiffs' and Class Counsel. Further, the Court concluded that service awards to twenty-four (24) Class Representatives totaling $99,000 ($5,000 to the following Plaintiffs deposed in this matter: Linda Short, James Twigger, Tavish Carduff, Anthony and Jennifer DiPardo,[2] William Pressley, Seane Ronfeldt, Jeannett Smith, Chad Perry, Brian Frazier, and Gabrielle Alexander; and $3,500 to Plaintiffs Leslie Flaherty, Joanna Caballero, Sharon Moon, Stanton Vignes, Kesha Franklin Marbury, Christina Roos, James Carpenter, James J. Martino, James H. Palmer, John H. Caro, Ashley Gagas, Nicole Thornhill, Janet O'Brien, and Robert Buettner) are reasonable under Federal Rule of Civil Procedure 23, and awarded them to Plaintiffs. All other payments and costs shall be borne as set forth in the Settlement Agreement or as agreed to by the Parties.

11. If the Final Approval Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order certifying a Settlement Class shall be vacated *nunc pro tunc*.

12. All Parties are bound by the Final Approval Order, this Order and Final Judgment, and the Settlement Agreement.

13. All Class members, except those who timely opted out (Doc. 191-1), are bound by the Final Approval Order and this Order and Final Judgment. All Class members that timely and validly requested exclusion from the Settlement Class (Doc.

---

[2] The $5,000 award will be jointly awarded to the DiPardos, a married couple.

191-1) shall neither share in nor be bound by the Final Approval Order, subject to the terms of the Settlement Agreement.

14. The Court dismisses, on the merits and with prejudice, the above-captioned action and all claims currently pending before it belonging to Class members who did not request exclusion from the Class in the time and manner provided for in the Class Notice ("Settlement Class Members").

15. As of the Effective Date of the Settlement Agreement, Releasors (as defined in the Settlement Agreement) irrevocably release, waive, and discharge any and all past, present, and future liabilities, claims, causes of action, legal claims, damages, costs, attorneys' fees, losses, or demands that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to Class Vehicles against Releasees (as defined in the Settlement Agreement), whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, based on (i) the facts alleged in any complaint filed in the Action and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in the Action, and (ii) claims covered by and remedied under the 15-Year/150,000-Mile Extended Warranty and other benefits described in sections II.A through II.I (including the 15-Year/150,000-Mile Extended Warranty, Repair Reimbursements, Repair-Related Transportation and Towing Reimbursements, Inconvenience Due to Repair Delays, Incidentals for Qualifying Fire or Qualifying Failure, Loss of Value for Certain Sold or Traded-In Vehicles, Loss of Vehicle By Qualifying Fire, and Qualifying Failure or Qualifying Fire Rebate), including those related to issues of oil consumption (that are the causal result of connecting rod bearing failure), oil maintenance (that are the causal result of connecting rod bearing failure), and vehicle fires originating in the engine

compartment. The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation. Even if they later discover facts in addition to or different from those which they now know or believe to be true, Releasors fully, finally, and forever settle and release any and all legal claims against Releasees.

16.   Upon issuance of the Final Approval Order and this Order and Final Judgment: (i) the Settlement shall be the exclusive remedy for Class members and subsequent Class Vehicle owners and lessees; (ii) Releasees shall not be subject to liability or expense of any kind to any Class members or subsequent Class Vehicle owners and lessees for reasons related to the Action except as set forth in the Settlement Agreement; and (iii) Class members and subsequent Class Vehicle owners and lessees shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

17.   All Class members who did not make a valid request for exclusion in the time and manner provided in the Class Notice are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against HMA, HMC, KA, KC, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Manufacturing Alabama, Kia Georgia, Inc., all affiliates of the Hyundai Motor Group or any other Releasee based upon, relating to, or arising out of, any of the released claims.

18.   The Settlement Agreement, acts performed in furtherance of the Settlement Agreement, and documents executed in furtherance of the Settlement Agreement or the settlement set forth therein may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by Plaintiffs, Settlement Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the

1  Releasees in any court, administrative agency, or other proceeding. Neither the
2  Settlement Agreement (nor any Addendum thereto) shall be offered or be admissible in
3  evidence against HMA, HMC, KA, KC, Hyundai America Technical Center, Inc. (also
4  doing business as Hyundai-Kia America Technical Center), Hyundai Motor
5  Manufacturing Alabama, Kia Georgia, Inc., all affiliates of the Hyundai Motor Group,
6  and/or their affiliates or cited or referred to in any action or proceeding, except in an
7  action or proceeding that is in furtherance of its terms or brought to enforce its terms.

8        19.    If this Order and Final Judgment is set aside, materially modified, or
9  overturned by this Court or on appeal, and is not fully reinstated on further appeal, this
10 Order and Final Judgment shall be deemed vacated and shall have no force or effect
11 whatsoever.

12       20.    The Court hereby authorizes the Parties, without further approval from the
13 Court, to adopt such amendments, modifications, and expansions of the Settlement
14 Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with
15 this Final Approval Order; and (ii) do not limit the rights of the Parties or the Settlement
16 Class.

17       21.    Without affecting the finality of the Final Approval Order or this Order and
18 Final Judgment in any way, the Court reserves continuing jurisdiction over matters
19 relating to the Settlement, including, without limitation, the administration,
20 interpretation, effectuation and/or enforcement of the Settlement, the Settlement
21 Agreement, and this Final Order and Judgment.

**IT IS SO ORDERED.**

DATED: _____     _____
                                            Hon. Josephine L. Staton
                                            United States District Judge